IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GRANGE MUTUAL CASUALTY
COMPANY,

    Plaintiff,

v.                                    No. 13-1295

JOHN H. ALLEN, *et al.*,

    Defendants.

___

ORDER GRANTING DEFENDANT'S MOTION TO DECLINE DISCRETIONARY
JURISDICTION UNDER DECLARATORY JUDGMENT ACT AND
DISMISSING CASE
___

Before the Court is the September 4, 2014 motion of Defendant John H. Allen Construction Company, Inc. ("JAC") to decline declaratory jurisdiction in this matter. (D.E. 34.) This declaratory judgment action, brought by Grange Mutual Casualty Company ("Grange") on October 25, 2013 against John H. Allen, Josh Allen, Brad Crouch and Rodger Coffman d/b/a C&C Construction ("C&C") and John H. Allen Construction Company, Inc., and certain underwriters at Lloyd's, London, involves a commercial package policy and a commercial umbrella policy issued by the Plaintiff, effective November 1, 2011, to JAC (the "JAC Policies").

In 2007, a structure known as the "First Baptist Building" in Jackson, Tennessee was deeded to Defendants John H. and Josh Allen.[1] On the same date, the property was deeded from the Allens to the Jackson Downtown Revenue Finance Corporation, which leased the building back to the Allens. After the building suffered wind damage in February 2012, the Allens hired JAC to perform

___

[1]John H. and Josh Allen are father and son, respectively.

repairs. JAC subcontracted with C&C to repair the First Baptist Building roof. A portion of the work was performed by C&C on February 24, 2012, on which day the structure caught fire.

On March 5, 2013, the Allens filed a complaint in the Circuit Court of Madison County for property damage against C&C and JAC (the "Circuit Court Action"). The complaint alleged negligence and breach of warranty. In May 2013, Crouch and Coffman d/b/a C&C filed a third-party complaint in the Circuit Court Action against McNail Insurance Agency, Inc. ("McNail") averring claims of negligence, breach of fiduciary duty and negligent misrepresentation. According to the third-party pleading, McNail failed to disclose to Grange at the time of C&C's application for insurance the fact that the roofer performed work on commercial as well as residential structures, which resulted in insufficient coverage. McNail's knowledge of the nature of C&C's commercial operations was, it is alleged, imputed to Grange. Following the filing of the Circuit Court Action, JAC demanded a defense and indemnity from Grange pursuant to the JAC Policies. C&C likewise demanded defense and indemnity under a contractor and tradesman insurance policy issued by the Plaintiff. Grange is defending JAC and C&C in the Circuit Court Action under reservation of rights but has asserted that it owes no defense or indemnity under any of the policies.

In this suit, Grange seeks a declaration that it has no duty to defend or indemnify JAC in the Circuit Court Action based on certain exclusions contained in the JAC Policies relating to JAC's possessory interest in the property on which the fire occurred. On the same day this suit was initiated, Grange filed a separate declaratory judgment action in this Court against Crouch and Coffman d/b/a C&C, the Allens and JAC, alleging that it owed no defense or indemnity with respect to C&C and the contractor and tradesman policy. *See Grange Mut. Cas. Co. v. Crouch, et al.*, No. 1:13-cv-01294 (W.D. Tenn.) (the "C&C Action"). On May 19, 2014, JAC filed a motion to decline

jurisdiction under the Declaratory Judgment Act in the C&C Action (D.E. 35), which was granted by this Court on July 18, 2014 (D.E. 50). The case was dismissed without prejudice.

On July 31, 2014, JAC filed a state court declaratory judgment action in the Chancery Court of Madison County, Tennessee (the "State Court Declaratory Action") against Grange, Crouch and Coffman d/b/a C&C, the Allens, McNail and McNail's president, John Moore. The suit sought a declaration that Grange was obligated to defend and indemnify JAC and C&C in the Circuit Court Action. The State Court Declaratory Action also alleged negligence and negligent misrepresentation claims against McNail, Moore and Grange.

The Declaratory Judgment Act provides in pertinent part that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).

> By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (internal footnote omitted). The two broad principles to be kept in mind by the district court are "whether the judgment will serve a useful purpose in clarifying and settling legal relationships in issue and whether it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Founders Ins. Co. v. Bentley Entm't, LLC*, No. 3:12-cv-01315, 2013 WL 3776311, at *8 (M.D. Tenn. July 17,

2013) (citing *Aetna Cas. & Sur. Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996)) (internal quotation marks omitted). "A federal court should decline to entertain a declaratory judgment if doing so would result in gratuitous interference with the orderly and comprehensive disposition of state court litigation." *Peerless Indem. Ins. Co. v. Smith*, Civil Action No. 13-49-HRW, 2013 WL 6186646, at *1 (E.D. Ky. Nov. 25, 2013) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)) (internal alterations & quotation marks omitted). Indeed, courts in this Circuit have repeatedly held it inappropriate for district courts to entertain declaratory judgment actions in insurance cases. *Allstate Ins. Co. v. Renou*, ___ F. Supp. 2d ___, 2014 WL 3649249, at *9 (E.D. Mich. July 24, 2014).

In deciding whether to exercise their discretion, courts take into account the following non-exclusive factors articulated in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984):

(1) Whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for *res judicata*[";]

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach upon state jurisdiction[,] which is determined by asking

    a. whether the underlying factual issues are important to an informed resolution of the case;

    b. whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

    c. whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common

4

> or statutory law dictates a resolution of the declaratory judgment action; and
>
> (5) whether there is an alternative remedy which is better or more effective.

*Western World Ins. Co. v. Hoey*, ___ F.3d ___, 2014 WL 6865300, *2 (6th Cir. Dec. 8, 2014). The court has "unique and substantial" discretion in balancing these factors. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 563 (6th Cir. 2008).

*Whether Judgment Would Settle the Controversy and Whether the Judgment Would Clarify the Legal Relations at Issue.*

The first two factors are closely related and often considered together. *Id.* at 557; *TIG Ins. Co. v. Hosp. Corp. of Am.*, Civil Action No. 1:11CV-00043-JHM, 2014 WL 3118863, at *2 (W.D. Ky. July 7, 2014). Two lines of precedent have developed in the Sixth Circuit regarding these factors in the insurance policy liability context. *Flowers*, 513 F.3d at 555-57. As the court explained in *Hoey*,

> [o]ne line of cases holds that these two factors relate to whether the declaratory judgment would settle the *underlying* state-court controversy . . . or would at least clarify the legal relationship between the parties in the underlying state-court controversy. The other line of cases directs the district court to focus on the controversy between the parties in the declaratory-judgment action -- that is, between the insurer and the insured. In *Flowers*, we suggested that the split might reflect both competing policy considerations of consolidating litigation into one court versus permitting a party to determine its legal obligations as quickly as possible, as well as differences in the factual circumstances presented by different cases.

*Hoey*, 2014 WL 6865300, at *3 (internal citations & quotation marks omitted). "In other words, a declaratory judgment is proper if it will only have to decide purely legal questions or engage in factfinding that does not affect the parties in the underlying action." *Argonaut-Midwest Ins. Co. v. Johnson*, Civil Action No. 3:14-CV-00395-TBR, 2014 WL 6804284, at *2 (W.D. Ky. Dec. 3, 2014) (internal quotation marks omitted).

5

In support of an exercise of jurisdiction by this Court, Grange submits that the factual issues concerning the C&C policy and any misrepresentations by McNail that informed the undersigned's decision in the C&C Action are not present in the instant case. However, the state actions implicate not only the C&C policy but the JAC Policies at issue here. While a ruling by this Court would clarify the relationship between JAC and Grange, a state court ruling on Grange's duty to defend and indemnify under the JAC Policies could be inconsistent with a decision on the same question in this Court, resulting in confusion about the resolution of that issue. Ultimately, retaining this matter in this Court would "do little but cause [JAC and Grange] to engage in litigation on two fronts." *See Nautilus Ins. Co. v. Grayco Rentals, Inc.,* Civil Action No. 10-133-ART, 2011 WL 839549, at *4 (E.D. Ky. Mar. 7, 2011). It is the opinion of the Court, therefore, that the first and second factors do not support an exercise of jurisdiction. *See Flowers*, 513 F.3d at 556-58 (where district court's decision did not create confusion as to the resolution of legal relationships at issue in the state case, second factor supported exercise of jurisdiction); *GEICO Indem. Co. v. Crawford*, Civil Action No. 5:13-231-DCR, 2014 WL 197761, at *4 (E.D. Ky. Jan. 14, 2014) ("when a declaratory judgment would not interfere with state court matters and when there is no risk of inconsistent rulings, jurisdiction is properly exercised" and the first factor weighs in favor of jurisdiction).

*Whether the Declaratory Remedy is Being Used for the Purpose of Procedural Fencing or to Provide an Arena for Res Judicata.*

Courts are admonished to refrain from imputing an improper motive to declaratory plaintiffs in the absence of supportive evidence. *Flowers*, 513 F.3d at 558. As no improper motive has been alleged here, this factor does not weigh against exercise of jurisdiction.

*Whether the Use of a Declaratory Action Would Increase Friction Between the Federal and State Courts and Improperly Encroach upon State Jurisdiction.*

6

The fourth factor "considers whether the declaratory action threatens to disrupt the balance of power between state and federal courts." *Liberty Mut. Fire Ins. Co. v. Bohms*, 490 F. App'x 721, 726 (6th Cir. 2012). Grange argues that this factor, and its subfactors, favors an exercise of jurisdiction based on the "doctrine of prior suit pending." The doctrine, well established in Tennessee state courts, "provides that an action is subject to dismissal where a prior lawsuit involving the same parties and the same subject matter is pending." *Farmers Ins. Exch. v. Shempert*, No. W2013-01059-COA-R3-CV, 2014 WL 407903, at *2 (Tenn. Ct. App. Feb. 3, 2014) (citing *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 620 (Tenn. 2008)). However, the Sixth Circuit has recognized that the doctrine "is a state law doctrine which plainly does not apply to federal courts." *Laney Brentwood Homes, LLC v. Town of Collierville*, 144 F. App'x 506, 511 (6th Cir. 2005).

The first subfactor under *Grand Trunk's* fourth factor "focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the [federal] declaratory judgment action." *Flowers*, 513 F.3d at 560. "In the context of actions seeking a declaration of the scope of insurance coverage, [the Sixth Circuit] [has] recognized that such questions can sometimes be resolved as a matter of law and do not require factual findings by a state court." *Id.* Here, it is somewhat unclear from the record whether there are facts at issue in the state court cases that are important to an informed resolution of this case.

"The second subfactor focuses on which court, federal or state, is in a better position to resolve the issues in the [federal] declaratory action." *Flowers*, 513 F.3d at 560. In this case, the questions to be determined involve solely questions of Tennessee state law. "[I]ssues of insurance contract interpretation are questions of state law with which the . . . state courts are more familiar and, therefore, better able to resolve." *Id.* at 561 (internal quotation marks omitted). Accordingly,

it would appear to the Court that this subfactor weighs on the side of a denial of jurisdiction. *See Nautilus Ins. Co.*, 2011 WL 839549, at *3 (the fact that all issues before the court involve state law favors denial of jurisdiction).

In considering the third subfactor, the *Flowers* court recognized that "[t]he states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Flowers*, 513 F.3d at 561 (quoting *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 815 (6th Cir. 2004)). "Interpretation of [state] insurance contracts is guided by state public policy." *Id.* This subfactor also counsels against jurisdiction. *See id.* (where declaratory judgment action deals with insurance contracts, the interpretation of which may implicate state insurance law policy, third subfactor supports denial of jurisdiction). In sum, the overall effect of the fourth factor falls on the side of a denial of jurisdiction. *See TIG Ins. Co.*, 2014 WL 3118863, at *5 (where two of the three subfactors favor an exercise of jurisdiction or a denial thereof, the court is to consider the overall effect of the three factors).

*Whether There is an Alternative Remedy that is Better or More Effective.*

If an alternative remedy would be better or more effective, declaratory relief should be denied. *Flowers*, 513 F.3d at 562 (citing *Grand Trunk*, 746 F.2d at 326). One such remedy is a declaratory judgment action in state court, which is clearly available and has been utilized by JAC in the State Court Declaratory Action. The Tennessee courts are experts on Tennessee law. In *Flowers*, the court noted that in many ways filing a declaratory judgment action in state court is the better alternative. *Id.* In addition, as pointed out previously, a denial of jurisdiction here will keep JAC and Grange from fighting a two-front war. This factor also tips the scale away from an exercise of jurisdiction by this Court. *See W. Am. Ins. Co. v. Prewitt*, 208 F. App'x 393, 399-400 (6th Cir.

8

2006) ("In this case, the state court is a better forum because there is no federal interest triggered by this litigation. The action is in federal court based on diversity jurisdiction, there is no federal question involved, and the federal court is applying state law. Thus, the district court correctly concluded that the fifth factor weighed against the exercise of jurisdiction.").

On balance, the Court finds it appropriate to decline the exercise of discretionary jurisdiction in this matter. The motion of Defendant JAC to dismiss is GRANTED and this case is DISMISSED in its entirety without prejudice.

IT IS SO ORDERED this 24th day of December 2014.

                                         s/ J. DANIEL BREEN
                                         CHIEF UNITED STATES DISTRICT JUDGE